Hitchcock, J.
There does not appear to be any controversy in this case with respect to the moi’tgago to the State of Ohio. That was prior, in point of time, to the judgments, and to the mortgage to Eastman, and as no objection is x’aised to it, wo suppose it was regularly recorded. The real controversy is between the complainants, as judgment creditors, and Horace H. Eastman, the second mortgagee. All the judgments and mortgages ai’e liens upon the same lands.
The facts with respect to these two parties are, that the mortgage was executed on the 7th of Apx’il, but was not entered for record until the 12th. A term of the court of common pleas commenced on the 10th of April; and on the 20th, but dux-ing the same term of the court, judgment was obtained by the complainant upon a cognovit. If the judgment operated as a lien from the first day of the term, this lien is preferable to the lien of the mortgage, because elder in point of time than the date of the delivery of the mortgage for record. That it does so operate there can be no doubt, unless we entirely disregard the statute. By a former-statute, judgments of this character did not operate as liens until *518, 519 the date of their actual entry. But, for some reason, the legislature thought proper to change this provision, and by the law, as ' it now stands, all judgments are placed upon the same footing, and the lands of the judgment debtor are bound from the first day of the term in which such judgments are entered. This point being settled, this case is precisely like the case of Mayham v. B. Coombs and ^others, decided at the present term. We believe the decision in that case to be correct, and must adhere to it. As between the judgments and the secon'd mortgage, the former must have the preference, and a decree may be taken accordingly.
Wood, C. J., being sick, did not unite in the examination and decision of this case.